UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
**F I L E D**

MAY 1 8 2005

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-307-GWU

MARION LEE,                                                      PLAINTIFF,

VS.                           **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

### INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her application for Supplemental Security Income (SSI). The appeal is currently before the Court on cross-motions for summary judgment.

### APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 CFR 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 CFR 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 CFR 404.1520(c), 404.1521, 416.920(c), 461.921.

1

Lee

4.    Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 CFR 404.920(d), 416.920(d).

5.    Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled. If no, proceed to Step 6. See 20 CFR 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.    Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 CFR 404.1520(e), 416.920(e).

7.    Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.   See 20 CFR 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.   Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "more than a mere scintilla[; i]t means such relevant evidence as a

2

Lee

reasonable mind might accept as adequate to support a conclusion. . ." <u>Wright v.</u>
<u>Massanari</u>, 321 F.3d 611, 614 (6th Cir. 2003) <u>(quoting</u> <u>Kirk v. Secretary of Health</u>
<u>and Human Services</u>, 667 F.2d 524, 535 (6th Cir. 1981). It is based on the record
as a whole and must take into account whatever in the record fairly detracts from
its weight. <u>Garner</u>, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact
that the Commissioner has improperly failed to accord greater weight to a treating
physician than to a doctor to whom the plaintiff was sent for the purpose of
gathering information against his disability claim. <u>Bowie v. Secretary</u>, 679 F.2d 654,
656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion
is based on objective medical findings. <u>Cf. Houston v. Secretary of Health and</u>
<u>Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742 F.2d 968,
973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on
the trier of fact only if they are not contradicted by substantial evidence to the
contrary. <u>Hardaway v. Secretary</u>, 823 F.2d 922 (6th Cir. 1987). These have long
been well-settled principles within the Circuit. <u>Jones</u>, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner
may assess allegations of pain. Consideration should be given to all the plaintiff's
symptoms including pain, and the extent to which signs and findings confirm these

3

Lee

symptoms. 20 CFR Section 404.1529 (1991).  However, in evaluating a claimant's

allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an
> underlying medical condition.   If there is, we then examine:   (1)
> whether objective medical evidence confirms the severity of the alleged
> pain arising from the condition; or (2) whether the objectively
> established medical condition is of such a severity that it can
> reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.

1986).

Another issue concerns the effect of proof that an impairment may be

remedied by treatment.  The Sixth Circuit has held that such an impairment will not

serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health

and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same

result does not follow if the record is devoid of any evidence that the plaintiff would

have regained his residual capacity for work if he had followed his doctor's

instructions to do something or if the instructions were merely recommendations.

Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106,

1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before

it, despite the plaintiff's claims that he was unable to afford extensive medical work-

ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir.

1987).  Further, a failure to seek treatment for a period of time may be a factor to be

4

Lee

considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning specific steps in the test is in order.

In the Sixth Circuit, the Step Three severity regulation has been held to be a de minimus hurdle in the disability determination process. Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986). An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless." Id., n.1.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 CFR 416.965(a) and 20 CFR 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

5

Lee

## DISCUSSION

The plaintiff, Marion Lee, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of Type 2 diabetes mellitus, gastroesophageal reflux disease, pseudoseizure disorder, being status post laparoscopic cholecystectomy with subsequent laporascopy and lysis of pelvic adhesions, and major depression single episode with anxiety.   (Tr. 22). Nevertheless, the ALJ proceeded to find that the plaintiff had no exertional or non-exertional restrictions, and could perform her past relevant work as a companion for the elderly.  (Tr. 24-5).  The Appeals Council declined to review, and this action followed.

On appeal, this Court must determine if the administrative decision is supported by substantial evidence.

A "severe" impairment is one that, by definition, significantly limits a claimant's physical or mental ability to perform basic work activities.   20 C.F.R. Section 416.920(c); 416.921(a) (2003).  It is clearly inconsistent to find that a claimant has an array of "severe" impairments, yet no functional restrictions of any kind.  While, under some circumstances, such a finding could be considered harmless error if the evidence did not support the presence of any functional restrictions, that is not the case here.

6

Lee

Although the plaintiff initially alleged disability due to physical problems, her medical records from treating sources, as the ALJ pointed out, show an enormous number of physical complaints which were found, in most cases, to have no discernible cause.[1]   Instead of actual physical problems, the treating and examining sources continually suggested that the plaintiff's physical complaints had somatic causes, although the plaintiff was highly resistant to the suggestion and declined psychiatric referrals, including an inpatient psychiatric admission in October, 2001. (Tr. 159-60).   Nevertheless, she was prescribed medications such as Celexa and Remeron by the middle of 2001, one month before her application for benefits (Tr. 166), and referred for a psychiatric consultation by her treating family physician in September, 2001 (Tr. 225) and by her treating neurologist in November, 2001 (Tr.

---

[1]The plaintiff did have frequent complaints of abdominal pain, and underwent gallbladder surgery in May, 2001 (Tr. 146, 377), and a diagnostic laporascopy with lysis of pelvic adhesions in June, 2002 (Tr. 445).  She was placed on oral medication for diabetes (Tr. 252, 420), and later had more than one hypoglycemic episode (Tr. 252, 447).  Although the plaintiff had a negative cardiac catheterization  after multiple admissions for chest pain (e.g. Tr. 137-8, 170-86), her cardiologist, Dr. Saleh, opined in December, 2001 that her "vasospastic angina" might be increased by physical activity and stress, causing severe chest pain, which would "limit her ability to hold down a job." (Tr. 212). Another cardiologist in the same medical group, Dr. Anand, opined in February, 2002 that the plaintiff's "ability to maintain gainful employment" would be limited (to an unspecified degree) by vasospastic angina, lower extremity edema, and seizure disorder.  (Tr. 211).  While these opinions are not ideally phrased for Social Security disability purposes, they do apparently represent opinions regarding the plaintiff's ability to work from treating sources, and they were not mentioned or discussed in the ALJ's decision.  Nor were they mentioned by state agency reviewers who opined that the plaintiff would not have a "severe" physical impairment.  (Tr. 384, 386, 418).

Lee

190).  She declined.  (Id.).  The treating family physician at the time, Dr. Jeffrey Newswanger, opined in December, 2001 that he believed the plaintiff's "multitudinous complaints" with multiple negative workups did not represent a case of intentional "faking;" rather, they were of a subconscious origin.  (Tr. 218).

The plaintiff finally agreed to a psychiatric evaluation, and she was referred to Dr. Cecelia Carpio, a psychiatrist, who interviewed the plaintiff on April 26, 2002 and diagnosed a major depressive disorder with anxiety, with a Global Assessment of Functioning (GAF) score of 50-60.  (Tr. 591).  A GAF score in this range reflects serious to moderate impairment in social, occupational, or school functioning ("e.g., no friends, unable to keep a job").  <u>Diagnostic and Statistical Manual of Mental Disorders</u> (Fourth Edition-Text Revision), p. 34. Dr. Carpio prescribed Effexor and Valium, and later added medications such as Klonopin, Seroquel, and Risperidone. (Tr. 581-88).  She did not alter her initial GAF score.

The ALJ correctly noted Dr. Carpio's diagnosis, although it had been couched in numerical terms from the DSM-IV-TR (Tr. 22), but ignored the GAF score and its implications.  Nor was anything said about the psychiatrist's decision to prescribe increasingly serious medications.

Dr. Carpio's GAF score represents the only opinion from an examining or treating source regarding the plaintiff's limitations due to mental problems.  As a treating source, her opinion is entitled to substantial weight, particularly in view of the

8

Lee

previously-mentioned comments by physical examiners that the plaintiff had more psychological problems than physical ones. A thorough evaluation of this opinion is clearly required.

The Court recognizes that while the brief submitted by counsel for the plaintiff refers to the Corbin Psychiatric and Counseling Service records, it makes only a boilerplate argument for reversal; nevertheless, the interests of justice require a remand to consider the plaintiff's impairments, particularly from a psychological perspective. Additional evidence submitted to the Appeals Council, while not providing a basis for a remand, may be considered as well.

The decision will be remanded for further consideration.

This the ___18___ day of May, 2005.

G. WIX UNTHANK
SENIOR JUDGE

9